# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG GIBSON,<br>*on behalf of himself and all others similarly situated*, | : <br> : <br> : <br> : | CIVIL DIVISION |
| **Plaintiff,** | : <br> : <br> : | ELECTONICALLY FILED |
| v. | : <br> : | **Case No.:** 2:20-cv-1102 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | : <br> : <br> : <br> : | **CLASS ACTION COMPLAINT** |
| **Defendant.** | | |

Filed on Behalf of Plaintiff:
Craig Gibson

Counsel of Record for this Party:
**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:      (412) 545-3015
Fax No.:         (412) 540-3399
E-mail:           jward@fentersward.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG GIBSON,<br>*on behalf of himself and all others similarly situated*, | CIVIL DIVISION |
| Plaintiff, | ELECTRONICALLY FILED |
| v. | Case No.: 2:20-cv-1102 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

AND NOW, comes Plaintiff, Craig Gibson, by and through the undersigned counsel, The Law Firm of Fenters Ward and, specifically, Joshua P. Ward, Esquire, who files the within Class Action Complaint against Defendant, Portfolio Recovery Associates, LLC, of which the following is a statement:

## PARTIES

1. Plaintiff, Craig Gibson (hereinafter "Craig Gibson"), is an adult individual who currently resides at 323 East State Street, Apartment 204, Media, Pennsylvania 19063.

2. Defendant, Portfolio Recovery Associates, LLC, (hereinafter "Portfolio Recovery Associates"), is a corporation with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

## JURISDICTION AND VENUE

3. Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"), 15 U.S.C. § 1692, *et seq.*,

1

4.      Venue is proper pursuant to 28 U.S.C. § 1391 as this district and division is where Defendant is subject to general jurisdiction pursuant to 28 U.S.C. § 1391(b)(1).

## ALLEGATIONS OF FACT

### A. Portfolio Recovery Associates v. Craig Gibson

5.      On June 11, 2019, Portfolio Recovery Associates, filed a Civil Complaint against Craig Gibson in Magisterial District Court of Delaware County at Docket Number: MJ-32128-CV-0000110-2019 in an attempt to collect an alleged $1,689.60. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

6.      In response to the aforesaid lawsuit, Craig Gibson engaged The Law Firm of Fenters Ward for representation.

7.      On July 11, 2019, The Law Firm of Fenters Ward served Portfolio Recovery Associates with a letter, (hereinafter, the "First Dispute Letter") wherein Portfolio Recovery Associates was informed of the disputed nature regarding the alleged debt and that Craig Gibson was represented by counsel. A true and correct copy of the First Dispute Letter is attached hereto, made a part hereof, and marked as Exhibit "B".

8.      This First Dispute Letter specifically stated that Craig Gibson "denie[d] owing Portfolio Recovery Associates, LLC any amount of money" and informed Portfolio Recovery Associates that Craig Gibson disputed any and all "Debts" Portfolio Recovery Associates claimed to possess. See Exhibit "B".

9.      "Debts" as defined within the First Dispute Letter delineated and included "any related debt(s) and/or credit account(s) your company [Portfolio Recovery Associates] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter. See Exhibit "B".

10. Following the First Dispute Letter, Portfolio Recovery Associates possessed a duty to reflect the disputed nature of any and all tradelines associated with Craig Gibson and to communicate said disputed nature to any and all credit reporting agencies.

11. Furthermore, Portfolio Recovery Associates was directed to cease and desist from contacting Craig Gibson directly. See Exhibit "B".

12. On July 11, 2019, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend on Craig Gibson's behalf. True and correct copies of the Entry of Appearance and Notice of Intent to Defend are attached hereto, made a part hereof, and marked as Exhibit "C".

13. On August 29, 2019, a Civil Action Hearing was held before the Honorable Deborah Krull, Magisterial District Judge. See Exhibit "A".

14. On August 29, 2019, at the conclusion of the Civil Action hearing, Judge Deborah Krull granted a JUDGMENT FOR DEFENDANT in favor of Craig Gibson and against Portfolio Recovery Associates. A true and correct copy of the Notice of Judgment is attached hereto, made a part hereof, and marked as Exhibit "D".

15. On September 27, 2019, Portfolio Recovery Associates caused false and inaccurate information about Craig Gibson to be furnished to Equifax as Portfolio Recovery Associates "updated" a tradeline associated with an alleged and disputed debt associated with an alleged balance of $1,216. A true and correct copy of the tradeline is attached hereto, made a part hereof, and marked as Exhibit "E".

16. Portfolio Recovery Associates reported the abovementioned tradeline as "Status – Collection Account" and "ADDITIONAL INFORMATION – Collection Account." See Exhibit "E".

17. This furnished information associated with the alleged and disputed debt controverted the disputed nature of the alleged debt and purported the alleged debt to be undisputed.

18. Therefore, Portfolio Recovery Associates falsely represented the character and legal status of the alleged and disputed debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

19. Upon falsely and inaccurately representing the character and legal status of the alleged and disputed debt, Portfolio Recovery Associates communicated credit information which is known or which should be known to be false in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

20. Furthermore, Portfolio Recovery Associates failed to report the disputed nature of the tradeline associated with the alleged and disputed debt in violation of 15 U.S.C. § 1692e(8) of the FDCPA. See Exhibit "E".

21. On September 27, 2019, Portfolio Recovery Associates caused false and inaccurate information about Craig Gibson to be furnished to TransUnion as Portfolio Recovery Associates "updated" the tradeline associated with the alleged and disputed debt associated with a balance of $1,216. A true and correct copy of the tradeline is attached hereto, made a part hereof, and marked as Exhibit "F".

22. Portfolio Recovery Associates reported the abovementioned tradeline as "Remarks: >PLACED FOR COLLECTION<" and "Pay Status: >In Collection<". See Exhibit "F".

23. This furnished information associated with the alleged and disputed debt controverted the disputed nature of the alleged debt and purported the alleged debt to be undisputed.

24. Therefore, Portfolio Recovery Associates falsely represented the character and legal status of the alleged and disputed debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

25. Upon falsely and inaccurately representing the character and legal status of the alleged and disputed debt, Portfolio Recovery Associates communicated credit information which is known or which should be known to be false in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

26. Furthermore, Portfolio Recovery Associates failed to report the disputed nature of the tradeline associated with the alleged and disputed debt in violation of 15 U.S.C. § 1692e(8) of the FDCPA. See Exhibit "F".

27. On September 29, 2019, Portfolio Recovery Associates' appeal period expired, making Judge Deborah Krull's JUDGMENT FOR DEFENDANT a final judgment: rendering the alleged debt associated with a balance of $1,689.60 extinguished, invalid, and unenforceable.

## CLASS ALLEGATIONS

28. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

29. Plaintiff brings this claim on behalf of the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

> The Class consists of any individual who disputed an alleged debt to Portfolio Recovery Associates or its agents and Portfolio Recovery Associates failed to report the disputed nature of the corresponding trade line on the alleged debtor's credit report whereupon the alleged underlying obligation was furnished by Capital One Bank.

30. Excluded from the class is Defendant, as well as their past and present officers, employees, agents or affiliates, any judge who presides over this action, and any attorneys who enter their appearance in this action.

31. Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with his motion for class

5

certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

32. Questions of law and fact common to the Plaintiff class, predominate over any issues involving only individual class members. The primary issue concerns whether Defendant's pattern and practice of falsely representing the character and legal status of disputed debts and communicating credit information which is known or which should be known to be false constituted violations of 15 U.S.C. §§ 1692e(2)(a) and 1692e(8) of the FDPCA. Furthermore, an additional primary issue exists as to whether this conduct constitutes an abusive, oppressive, or harassing practice in connection with the collection of alleged debts and thereby violates 15 U.S.C. § 1692d of the FDCPA.

33. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because of a well-defined public interest in this litigation:

34. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** Upon information and belief, the members of Class are so numerous that individual joinder of all class members is impracticable because there are hundreds and/or thousands of persons who have been victimized as a result of the employment of Defendant's abovementioned practice that violates protections provided the FDCPA. The identities of all class members are readily ascertainable from the records of Defendant and the related civil justice system proceedings to which Defendant has employed the abovementioned practice.

35. **Commonality – Federal Rule of Civil Procedure 23(a)(2).** This action involves questions of law and fact that are common to the class members. Such common questions include, but are not limited to:

a. Whether Defendant's pattern and practice of falsely representing the character and legal status of disputed debts constitutes a violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

b. Whether Defendant's pattern and practice of communicating credit information which is known or which should be known to be false constitutes a violation of 15 U.S.C. § 1692e(8) of the FDCPA.

c. Whether Defendant's actions described hereinabove constitute unfair harassing, abusive, and oppressive debt collection practices in violation of 15 U.S.C. § 1692d of the FDCPA.

d. Whether Plaintiff and the Class have been injured or sustained damages and are entitled to remedy as a result of Defendant's conduct and if so, what the appropriate measure and statutory formula to be applied in making such a determination.

e. Whether Plaintiff and the Class are entitled to relief in the forms, including but not limited to, declaratory or injunctive in nature.

36.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other class members' claims because, among other things, all class members were comparably injured. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

37.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the other class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; Plaintiff intends to prosecute this

action vigorously; and Plaintiff's counsel has adequate financial means to vigorously pursue this action and ensure the interests of the class will not be harmed. Furthermore, the interests of the class members will be fairly and adequately protected and represented by Plaintiff and Plaintiff's counsel.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq*.

38.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

39.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. 1692(a).

40.     The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

41.     Craig Gibson is a "consumer" as defined by § 1692a(3) of the FDCPA.

42.     Portfolio Recovery Associates is a "debt collector" as defined by § 1692a(6) of the FDCPA.

43.     Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes.  "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily

for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

44. The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

45. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt; (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e of the FDCPA.

46. On September 27, 2019, Portfolio Recovery Associates furnished information to Equifax and reported that the tradeline associated with the alleged and disputed debt was "Status – Collection Account" and "ADDITIONAL INFORMATION – Collection Account." See Exhibit "E".

47. This communication of credit information associated with the alleged and disputed debt controverted its disputed nature and thereby constituted a false representation of the character and legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

48. By falsely and inaccurately representing the character and legal status of the alleged and disputed debt, Portfolio Recovery Associates thereby communicated credit information which is known or which should be known to be false and thus violated 15 U.S.C. § 1692e(8) of the FDCPA.

49. In the abovementioned report, Portfolio Recovery Associates failed to report the disputed nature of the tradeline associated with the alleged debt in violation of 15 U.S.C. § 1692e(8) of the FDCPA. See Exhibit "E".

50. On September 27, 2019, Portfolio Recovery Associates furnished information regarding the alleged and disputed debt to TransUnion.

51. Portfolio Recovery Associates reported that the tradeline associated with the alleged and disputed debt was "Remarks: >PLACED FOR COLLECTION<" and "Pay Status: >In Collection<." See Exhibit "F".

52. This communication of credit information associated with the alleged debt controverted its disputed nature and thereby constituted a false representation of the character and legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

53. By falsely and inaccurately representing the character and legal status of the alleged and disputed debt, Portfolio Recovery Associates thereby communicated credit information which is known or which should be known to be false and thus violated 15 U.S.C. § 1692e(8) of the FDCPA.

54. In the abovementioned report, Portfolio Recovery Associates failed to report the disputed nature of the tradeline associated with the alleged debt in violation of 15 U.S.C. § 1692e(8) of the FDCPA. See Exhibit "F".

55. Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

56. Here, the only natural consequence of Portfolio Recovery Associates' acts of willfully communicating credit information which was known to be false was to harass, oppress, and abuse Craig Gibson.

57. As such, Portfolio Recovery Associates' conduct, as set forth above, violated 15 U.S.C. § 1692d of the FDCPA.

58. Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C. § 1692k(a) of the FDCPA.

59. As a direct and proximate result of Portfolio Recovery Associates' violations of the FDCPA, as set forth above, Craig Gibson has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, Craig Gibson, on his own behalf and on behalf of the class members respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendant, Portfolio Recovery Associates, LLC, as follows:

A. Declaring this action, a proper class action, certifying the class as requested herein, designating Plaintiff as Class Representatives and appointing the undersigned counsel as Class Counsel;

B. Ordering Defendant to pay actual, consequential, statutory, and/or punitive damages to Plaintiff and the class members, including restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the class members as a result of Defendant's unlawful conduct;

C. Ordering declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful conduct as set forth herein;

D. Ordering Defendant to pay attorney's fees and litigation costs to Plaintiff and the other members of the class;

E. Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

F. Ordering such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff respectfully demands a jury on all matters so triable.

<table>
<tr><td>Date: July 13, 2020</td><td>Respectfully submitted,<br><br>**THE LAW FIRM OF FENTERS WARD**<br><br>By: _____<br>Joshua P. Ward (Pa. I.D. No. 320347)<br>Kyle H. Steenland (Pa. I.D. No. 327786)<br><br>The Law Firm of Fenters Ward<br>The Rubicon Building<br>201 South Highland Avenue<br>Suite 201<br>Pittsburgh, PA 15206<br><br>Counsel for Plaintiff</td></tr>
</table>

13